Santokh SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Santokh Singh, Petitioner,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Santokh Singh, Petitioner,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Santokh Singh, Petitioner,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 04–76558, 06–70422,
06–71622, 06–72754.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed June 11, 2008.

Garish Sarin, Jade D. Mundel, Marks & Acalin, Los Angeles, CA, for Petitioners.

Michael K. Baker, Department of Justice, Washington, DC, CAC, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Edward J. Duffy, Oil, Larry P. Cote, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Hillel Smith, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondents.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

Santokh Singh petitions for review of the orders of the Board of Immigration Appeals ("BIA") that (1) affirmed the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and ordering his removal to India, his country of citizenship; (2) denied his motion to the BIA to reopen his case; and (3) denied his motions to the BIA to reconsider its decision. We grant Singh's petition for review of the BIA's denial of his appeal, and, therefore, dismiss his petitions for review of the Board's denial of his motions for reopening and reconsideration as moot.

1. **Application for Asylum, Withholding and CAT Protection**

■ We grant Singh's petition for review of the BIA's decision affirming the IJ's denial of his application for asylum, withholding and CAT protection and remand for further proceedings. The BIA and IJ's adverse determination regarding Singh's credibility was not supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

The BIA's decision both adopted the IJ's reasoning for his adverse credibility determination and added its own ground for reaching the same conclusion. We therefore review all the reasons for the adverse credibility determination put forth by the BIA and the IJ. *See Bandari v. INS*, 227 F.3d 1160, 1165 (9th Cir.2000); *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We examine these reasons to determine if there is any significant ground that "is supported by substantial evidence and goes to the heart of [Singh]'s claim of persecution." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

In his oral decision, the IJ first expressed doubts regarding the plausibility of Singh's testimony that he had walked through his village with militants from the Khalistan Liberation Force in "broad daylight" without anyone having "stopped to ask him what he was doing." There is no

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

record evidence indicating that militants did not walk through the village in the daytime, either by themselves or with villagers. Consequently, the IJ only could have speculated (1) when and whether the militants were likely to appear, (2) whom, if anyone, Singh and the militants were likely to run into, and (3) what, if anything, those persons would be likely to do. Such speculative doubts cannot serve as a valid basis for the IJ's adverse credibility determination. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000); *Kumar v. Gonzales,* 444 F.3d 1043, 1050 (9th Cir.2006).

Second, the alleged inconsistency cited by the IJ regarding which member of Singh's family paid bribes to the police ignores the fact that, in common parlance, one can 'pay' for something even though another person hands over the money. *See Gui,* 280 F.3d at 1225 (holding that an adverse credibility determination may not be based on "reasoning ... by [an] IJ [that] is fatally flawed"). Also, even if Singh's testimony were inconsistent with his application on this point, inconsistency regarding who in an applicant's family pays bribes to police on that applicant's behalf does not "go to the heart" of a claim of persecution. *See Singh v. Gonzales,* 439 F.3d 1100, 1106 (9th Cir.2006).

Third, it is clear from the record that Singh's supposed inconsistency concerning whether the police "pricked," or "pressed ... through" his leg with a sharpened metal rod did not support the inference that he was exaggerating his claim of persecution. Both were translations of what Singh actually said, and have closely related meanings in English. The latter version was entirely consistent with (1) his earlier testimony about the wound, (2) the medical certificates he submitted in the record which said that his leg was "pierced," and (3) the explanation of the alleged inconsistency he gave to the IJ,

none of which the IJ addressed in his decision. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004). Subtle English language differences in the translated versions of the description of an incident cannot form the basis for an adverse credibility determination, especially where there is corroborating evidence indicating what actually happened. *See Bandari,* 227 F.3d at 1166.

Finally, the various assertions of implausibility made by the BIA and IJ regarding (1) the local police's inability to capture Singh in Punjab, (2) the later failures of the local police in Uttar Pradesh to interrogate Singh's relations and contact the Punjab police after arresting Singh there, and (3) the Indian passport control authority's failure to detain Singh at his point of embarkation, all rest on speculation and conjecture regarding these government agencies' practices and capabilities rather than any evidence in the record. *See Kumar,* 444 F.3d at 1053 (holding that "speculation and conjecture" about "what local police ... might or might not do in their efforts to find a suspected criminal" cannot support an adverse credibility determination); *Quan v. Gonzales,* 428 F.3d 883, 887 (9th Cir.2005) (holding the same regarding speculation concerning "police capabilities"); *Kaur,* 379 F.3d at 887 (holding the same regarding "conjecture about the manner in which Indian passport officials carry out their duties"). Moreover, the BIA's assertion that it would be implausible in light of Singh's alleged persecution that "the Indian government issued the respondent a passport," rests on a clear error of fact. Singh's passport was issued in 1982 and renewed in 1992, well *before* the period when his asserted problems with the police began. Because these reasons were not supported by substantial evidence, they also cannot form the basis for a valid adverse credibility determination. *See Singh,* 439 F.3d at 1106.

544

As none of the reasons that the IJ and the BIA cited for their adverse credibility determination satisfy the substantial evidence standard, that determination cannot stand. "[G]iving the BIA the opportunity to address the matter in the first instance in light of its own expertise," *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand for consideration of whether, "accepting his testimony as credible," *Singh,* 439 F.3d at 1113, the Petitioner is eligible for relief under his asylum, withholding or CAT claims.

## 2. Due Process

Singh also challenges the BIA and IJ's decisions on the ground that their proceedings were so "fundamentally unfair" as to violate his right to due process. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). But even were we determine that Singh established a valid due process claim, the appropriate remedy would be to remand to the BIA for a credibility determination. *See Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1059 (9th Cir.2005). Ordering such a remedy would be superfluous in this case, as we remand to the BIA to consider Singh's application, "accepting his testimony as credible." *Singh,* 439 F.3d at 1113. Singh's due process claim is therefore moot.

## 3. Motion to Reopen

Singh seeks to reopen the BIA's removal order on the ground that he became eligible for adjustment of his removability status when his application for an I–360 visa for religious workers was approved. Because we reverse the BIA's decision, that order no longer stands. We therefore dismiss as moot Singh's petition for review of the BIA's denial of his motion to reopen. *See Goldeshtein v. INS,* 8 F.3d 645, 646 n. 1 (9th Cir.1993).

## 4. Motions to Reconsider

Finally, Singh also petitions for review of the BIA's denial of his motions for the Board to reconsider his motion to reopen. But our reversal of the BIA's original decision finding him removable renders this portion of his petition moot as well. *See Apolinar v. Mukasey,* 514 F.3d 893, 899 (9th Cir.2008). Accordingly, we dismiss it.

**PETITION FOR REVIEW GRANTED IN PART AND DISMISSED IN PART.**